IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-15-0259 |
| PETER NICHOLSON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

The Defendant Peter Nicholson was sentenced to a period of 108 months' imprisonment for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine. (ECF No. 70.) Nicholson has served over half of his sentence and is currently incarcerated at the Federal Correctional Institution ("FCI") Schuylkill in Pennsylvania. On December 14, 2020, Nicholson filed a Motion for Compassionate Release (ECF No. 112) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, Nicholson's motion will be DENIED.

Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). A defendant may move for compassionate release under § 3582(c)(1)(A) only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Nicholson filed an administrative request for reduction in sentence with the warden of FCI Schuylkill, which was denied on August 4, 2020. (*See* ECF No. 112-1 at 12–13.) Therefore, the Court must determine: (1) whether Nicholson has provided evidence establishing the existence of "extraordinary and compelling reasons" for his release; and (2) if so, whether compassionate release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

## I. *Extraordinary and Compelling Reasons*

Under 28 U.S.C. § 994(t), the U.S. Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of his or her term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1 (A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "remove[d] the Bureau of Prisons from its former role as a gatekeeper over compassionate release motions." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020) (internal quotation marks and citation omitted). Accordingly, the Fourth Circuit has affirmed that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). Recently, Courts in the District of Maryland have held that extremely long sentences, as well as medical conditions that increase

2

a defendant's susceptibility to COVID-19, can both be grounds for compassionate release. *See, e.g., United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020; *United States v. Kratsas*, 2021 WL 242501, Crim. No. DKC-92-0208, at *4 (D. Md. Jan. 25, 2021). Recently, some district courts have granted compassionate release to defendants who were caretakers for minor children experiencing difficult personal circumstances. *See, e.g., United States v. Turner*, Crim. No. LA-18-0142, 2020 WL 5717096 (E.D. Wis. Sept. 24, 2020).

Nicholson seeks compassionate release so that he can be physically present for his seven-year-old son Kayden in June 2021, when Kayden's former stepfather is set to go on trial for the murder of Kayden's mother. (ECF No. 118 at 1–2.) Following her death, Kayden has been in the custody of his maternal grandmother, Rebecca Shaw. (*Id.* at 2.) Shaw believes that Kayden's "mother's death has been traumatic for him" and "Kayden needs his father to be a physical presence in his life." (*Id.*) Nicholson states that he frequently calls and emails Kayden, and Shaw says that "Kayden loves his father." (*Id.*)

Nicholson acknowledges that he does not fit within the BOP's category of individuals whose family circumstances require them to serve as caregivers for minor children, because Kayden's mother was not the "only family member capable of caring for" his child. (*See* ECF No. 118 at 4 (quoting BOP Program Statement 5050.50).) However, Nicholson argues that his familial situation places him within the Fourth Circuit's broad category of possessing "*any* extraordinary and compelling reason for release." *McCoy*, 981 F.3d at 284 (emphasis added). This Court has sympathy for Nicholson's circumstances, which are certainly unfortunate and unusual, but the Court need not definitively decide whether they constitute extraordinary and compelling reasons, because Nicholson's early release is not warranted under the factors set forth in § 3553(a).

## I. *Section 3553(a) Factors*

Section 3553(a) states that courts shall consider a variety of factors when imposing a sentence, including: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants." *United States v. Bryant*, Crim. No. CCB-95-202-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

The Court has reviewed the § 3553(a) factors and finds that they do not favor Nicholson's release. Nicholson points out that he is close to completing his sentence because, due to his participation in the Residential Drug Abuse Program, his projected release date is January 22, 2022. (*See* ECF Nos. 121 at 1, 112-1.) Despite this, the actions leading up to Nicholson's arrest posed a clear danger to the community. After initially being pulled over by the police, Nicholson sped away, hitting an officer's leg and initiating a high-speed chase, all while five-month-old Kayden was in the backseat of Nicholson's car. (ECF Nos. 52 at 4; 121-1 at 2.) Nicholson then hid the cocaine that he was carrying in an empty recycling bin in another neighborhood. (ECF No. 52 at 5.) The next day, Nicolson and his co-defendants returned to that neighborhood and spent multiple hours trespassing on private property and overturning trash cans in search of the cocaine. (ECF No. 121-1 at 4.) Several days later, while out on bail, Nicholson attempted another cocaine delivery to his co-defendants, running away from police officers who sought to arrest him. (ECF No. 52 at 5.) Based on Nicholson's behavior surrounding his arrest, the Court is concerned that his early release would endanger the

4

community and would not sufficiently deter him from committing similar crimes in the future, thereby undercutting two important purposes underlying his sentence.

Denying compassionate release is not a decision the Court makes lightly. The Court acknowledges the trying and unusual circumstances created by the premature death of Kayden's mother. Were it within the Court's power to grant early release while still imposing a fitting sentence on Nicholson, the Court would do so. But having considered the factors enumerated under § 3553(a), the Court finds that release at this time would be inappropriate and that the existing sentence is "sufficient, but not greater than necessary" to comply with the purposes of incarceration. 18 U.S.C. § 3553(a). Nicholson's Motion for Compassionate Release (ECF No. 112) is accordingly DENIED.

DATED this _28_ day of April, 2021.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge